The Honorable Ed Wilkinson State Senator P.O. Box 610 Greenwood, AR 72936-0610
Dear Senator Wilkinson:
You have asked for an Attorney General opinion concerning the purchase of property by a school district.
Your questions are:
 (1) Can a school district purchase real property in another school district?
 (2) If so, can the school district that purchased the real property build a school on that property for use by students in its district?
RESPONSE
Question 1 — Can a school district purchase real property in anotherschool district?
It is my opinion that Arkansas law does not prohibit a school district from purchasing real property that is located in another school district.
School districts are specifically authorized by statute to purchase real property. That authority is derived from at least three different statutes.
The first is A.C.A. § 6-13-102, which states in pertinent part:
 (d) All school districts shall have the right to acquire and hold real estate and all other classes of property.
A.C.A. § 6-13-102.
The second source of statutory authority for school districts to purchase real property is A.C.A. § 6-13-620, which states in pertinent part:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (3) Purchase buildings or rent schoolhouses and sites therefor and sell, rent, or exchange such sites or schoolhouses[.]
A.C.A. § 6-13-620.
Finally, A.C.A. § 6-21-108 states:
 (a) In addition to the authority of school districts under § 6-13-620
to have the care and custody of the schoolhouse, grounds, and other property belonging to the district, the board of directors for any Arkansas school district shall be authorized and empowered to acquire and hold real estate, tenements, hereditaments, and other real property as is necessary and proper for the purposes of the education of pupils of the district and the administration of the schools of the district.
A.C.A. § 6-21-108(a).
None of these statements of statutory authority limits the school districts' authority to purchase real property on the basis of the property's location. It is my understanding that the Department of Education has no rules or regulations imposing such a prohibition either. Moreover, the courts have traditionally interpreted A.C.A. §6-13-620 as giving school boards wide latitude in governing their districts. See, e.g., Safferstone v. Tucker, 235 Ark. 70, 72,357 S.W.2d 3, 4 (1962); Isgrig v. Srygley, 210 Ark. 580, 197 S.W.2d 39
(1946). See also Springdale Board of Education v. Bowman, 294 Ark. 66,69, 740 S.W.2d 909,910 (1987); Leola School District v. McMahan, 289 Ark. 496, 498,712 S.W.2d 903, 905 (1986). The courts have further held that they will not substitute their judgment for that of a school board with regard to policy matters, unless the school board, in taking the action in question, abused its discretion or acted arbitrarily, capriciously, or contrary to law. Id. The court in Leola, supra, explained "arbitrary and capricious" action by a school board as being action that is not supportable "on any rational basis." Leola, 289 Ark. at 498,712 S.W.2d at 905. It should be noted that the party challenging the school board's action has the burden of proving the board's abuse of discretion by clear and convincing evidence. Springdale, 294 Ark. at 69,740 S.W.2d at 910.
On the basis of this authority, I conclude that unless it can be shown that a school district has abused its discretion in purchasing real property that is located outside the school district, such purchase will be upheld.
Question 2 — If so, can the school district that purchased the realproperty build a school on that property for use by students in itsdistrict?
Although state law does not prohibit a school district from building a school on property that it owns outside the district, it is my opinion that the question of whether a school district can build a school on such property will depend upon whether the State Board of Education approves such construction. All proposals for new school construction must be presented to the Board for approval. See A.C.A. § 6-20-1406; 1407; and the Arkansas Department of Education Rules and Regulations Governing The Minimum Schoolhouse Construction Standards. Under Rule 5.00, governing school site selection, the Board will consider the impact of the proposed construction at that site upon racial balance between schools within the district, as well as its impact upon racial balancing in neighboring districts.
If the Board does approve the construction of a school on the out-of-district site, the district should be aware of transportation issues, and should be diligent to comply with the Department of Education's Rules and Regulations governing transportation. School districts are explicitly authorized to provide the means for transporting students to and from school when necessary. A.C.A. § 6-19-102. The construction of a school at an out-of-district location may create circumstances in which it becomes "necessary," within the meaning of A.C.A. § 6-19-102(a), to provide transportation for the students who attend the school that is located out of the district. I note, however, that my predecessor opined that school districts are given wide discretion in providing transportation to and from school, and are not constitutionally required to provide universal transportation. See Op. Att'y Gen. No. 96-072, citing Woodlawn School District No. 6 v. Brown,216 Ark. 14, 223 S.W.2d 818 (1949).
In addition, the school district should be aware that if it purchases property outside the district, rather than within the boundaries of the district, it may be depriving itself of certain types of funding. Some funding for public schools is calculated on the basis of the area (by square foot) of the school's property that is within the district. See,e.g., the Arkansas Department of Education Regulations Governing the School Transportation Formula.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh